UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH SADLER, #54738-039,

    Petitioner,

v.                                                                             Civil Case No. 19-12927
                                                                             Honorable Linda V. Parker

J. A. TERRIS,

    Respondent.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

Federal prisoner Kenneth Sadler ("Petitioner"), who was confined at the Federal Correctional Institution in Milan, Michigan, when he instituted this action,[1] has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 apparently seeking relief from his federal criminal convictions and sentences. In his pleadings, he challenges the federal court's jurisdiction and alleges that there was no lawful indictment.

Promptly after the filing of a federal habeas petition, a federal court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the

---

[1]On November 7, 2019, Petitioner updated his address to a post office box in Oklahoma. (ECF No. 5.)

1

petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). The court must summarily dismiss the petition if it determines the petitioner is not entitled to relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has the duty to "screen out" petitions that lack merit on their face). A Rule 4 dismissal applies to petitions raising legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). A petition may also be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 n.7 (1977) (internal citations omitted).

Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint." Fed. R. Civ. P. 3. "The logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas

2

corpus relief—the equivalent of a complaint in an ordinary civil case." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). Pleadings filed by prisoners who are unrepresented by legal counsel are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, even a pro se prisoner's habeas petition must set forth a claim upon which federal habeas relief may be granted. *See* Fed. R. Civ. P. 8 (providing that a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also* Rule 2(c) and (d) of the Rules Governing Section 2254 Cases (providing that an application for writ of habeas corpus shall be in the form of a petition which specifies each ground for relief). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the [p]etitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted); *see also Perez*, 157 F. Supp. 2d at 796 (a habeas petition "must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

Petitioner fails to meet such pleading standards. His habeas petition does not identify the convictions he is challenging or what court imposed them, nor does he allege any specific facts suggesting the federal court lacked jurisdiction in his criminal proceedings. Such a vague and conclusory petition fails to comply with

3

the federal rules governing habeas cases and civil procedure. Conclusory allegations are insufficient to warrant federal habeas relief. *See, e.g., Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations are insufficient to warrant an evidentiary hearing on habeas review).

Additionally, Petitioner's jurisdictional challenge is not appropriately brought pursuant to 28 U.S.C. § 2241. His habeas petition concerns the validity of the federal court's jurisdiction in his criminal proceedings. A motion to vacate sentence under 28 U.S.C. § 2255, filed with the trial court, is the proper avenue for relief on a federal prisoner's claims that his conviction and/or sentence were imposed in violation of the federal constitution or federal law. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *see also McCully v. United States*, 60 F. App'x 587, 588 (6th Cir. 2003) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999);

4

*see also Wooton v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Charles*, 180 F.3d at 758.

Petitioner neither alleges nor establishes that his remedy under § 2255 is inadequate or ineffective. He bears that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not inadequate or ineffective simply because § 2255 relief may be or has already been denied, because the petitioner is time-barred or otherwise procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles*, 180 F.3d at 756. Moreover, under limited circumstances, § 2255 allows a criminal defendant to seek relief based upon a change in the law and even to bring a second or successive motion.

The possibility that Petitioner may not be able to satisfy the procedural requirements under § 2255 does not mean that he should be allowed to proceed under § 2241. *See Peterman*, 249 F.3d at 461 ("The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief."). The remedy afforded under § 2241 is not an additional, alternative, or supplemental

remedy to that allowed by § 2255. *Charles*, 180 F.3d at 758. Petitioner fails to show that his remedy under § 2255 is inadequate or ineffective. Thus, he is not entitled to proceed under § 2241 and this case must be dismissed.

A certificate of appealability is not needed to appeal the dismissal of a habeas petition under § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Therefore, Petitioner need not request one from this Court or the United States Court of Appeals for the Sixth Circuit should he seek to appeal this decision.

Accordingly,

**IT IS ORDERED** that Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2241 is **SUMMARILY DISMISSED WITH PREJUDICE**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 24, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 24, 2020, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager